1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  CHEVRON INTELLECTUAL PROPERTY
    LLC and CHEVRON U.S.A. INC.,

12                                        Plaintiffs,

13

14            vs.

15  ALBORZ PETROLEUM INC., a California
    corporation, SHAHIN EDALATDJU, an
16  individual, NASILA EDALATDJU, an
    individual, and DOES 1-10, inclusive,
17
                                         Defendants.
18

19  ALBORZ PETROLEUM INC., a California
    corporation, SHAHIN EDALATDJU, an
20  individual, NASILA EDALATDJU, an
    individual,
21
                                    Counterclaimant,
22

23            vs.

24

25  CHEVRON U.S.A. INC., and ROES 1-20,
    inclusive
26
                                  Counterdefendants.
27

28

CASE NO. 11cv0889 - IEG (CAB)

**ORDER:**

**(1) GRANTING MOTION TO
DISMISS COUNTERCLAIM; and**

**(2) GRANTING IN PART AND
DENYING IN PART MOTION TO
STRIKE AFFIRMATIVE
DEFENSES**

[Doc. No. 13]

11cv0889

Presently before the Court are two motions brought by Plaintiff Chevron, U.S.A.:  a motion to dismiss the Defendants amended counterclaim; and a motion to strike some of Defendants' Owners' affirmative defenses.  For the reasons stated below, the Court **GRANTS** the motion to dismiss and **GRANTS IN PART** and **DENIES IN PART** the motion to strike.

## **BACKGROUND**

This case arises from a franchise agreement and other related agreements between Plaintiffs Chevron Intellectual Property LLC and Chevron, U.S.A., Inc., and Defendants Alborz Petroleum, Inc., Shahin Edalatdju, and Nasila Edalatdju (collectively, the "Owners").  Among other things, Plaintiffs allege that the Owners accepted conditional advance payments, terminated the agreements prematurely and without returning the advance payments, and then continued to display Chevron marks at their station although they were no longer selling Chevron-branded gasoline.  [*See generally* Compl.]

The Owners filed an answer and counterclaim against Chevron, U.S.A. ("Chevron"), which they later amended.  [Doc. Nos. 9, 10.]  The following allegations are taken from the Owners' amended counterclaim, which is the target of Chevron's present motion to dismiss.

In 2008, the Owners owned and operated an unbranded gas station and convenience store.  [Counterclaim ¶ 9.]  Chevron owned a competing station nearby.  [*Id.*]  With Chevron's competing station on the verge of closure, the Owners approached Chevron about entering a franchise agreement to turn their unbranded station into a Chevron branded station.  [*Id.*]  Despite some initial reluctance, Chevron agreed to negotiate.  [*Id.* ¶¶ 10-11.]

During negotiations, the Owners revealed a concern:  direct competition with Chevron.  [*Id.* ¶ 12-13.]  The Owners—and S. Edalatdju, in particular—repeatedly asked about Chevron's intention to open or franchise other Chevron branded stations near the Owners' station.  Chevron assured the Owners it did not intend to do so.  [*Id.* ¶ 14.]  The Owners relied on Chevron's assurances when they entered into a franchise agreement with Chevron.  [*Id.*]

Having entered into a franchise agreement with Chevron, the Owners converted their station into a Chevron branded station.  [*Id.* ¶ 16.]  And, at least initially, the Owners were satisfied.  [*Id.*]  But within a year, Chevron opened two new Chevron branded stations within a two

1  mile radius of the Owners' station.  [*Id.* ¶ 17.]  The new stations immediately and dramatically

2  reduced the Owners' revenue.  [*Id.*]

3      The Owners' amended counterclaim asserts claims for fraud, breach of the implied

4  covenant of good faith and fair dealing, and unfair competition under California Business and

5  Professions Code § 17200.  [Doc. No. 10.]  Chevron filed the present motion to dismiss and

6  motion to strike on July 11, 2011.  [Doc. No. 13.]

7                                        **DISCUSSION**

8  **I.     Chevron's Motion to Dismiss**

9       **A.     Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

10      A complaint must contain "a short and plain statement of the claim showing that the

11  pleader is entitled to relief."  Fed. R. Civ. P. 8(a) (2009).  A motion to dismiss pursuant to Rule

12  12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in

13  the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The

14  court must accept all factual allegations pled in the complaint as true, and must construe them and

15  draw all reasonable inferences from them in favor of the nonmoving party.  *Cahill v. Liberty*

16  *Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

17      To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual

18  allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its

19  face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility

20  when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

21  the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937,

22  1949 (2009) (citing *Twombly*, 550 U.S. at 556).

23      However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

24  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

25  action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  A court need not accept "legal

26  conclusions" as true.  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the

27  deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to

28  assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have

1  violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal.,*

2  *Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

3       Regardless of the title given to a particular claim, allegations grounded in fraud are subject

4  to Rule 9(b)'s pleading requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

5  2009). Where a plaintiff alleges a "unified course of fraudulent conduct" and relies entirely on that

6  conduct as the basis for a claim, the claim is "grounded in fraud," and the pleading as a whole must

7  satisfy Rule 9(b). *Id.* (citing *Vess*, 317 F.3d at 1103-04).

8       Rule 9(b) requires the circumstances constituting fraud to be stated with particularity; they

9  must "state the time, place and specific content of the false representations as well as the identities

10 of the parties to the misrepresentation." *Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford*

11 *Corp.*, 661 F.2d 776, 782 (9th Cir.1981) (citations omitted); *Vess v. Ciba-Geigy Corp. USA*, 317

12 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what,

13 when, where, and how of the misconduct charged.") (internal quotation marks omitted). The

14 plaintiff must also plead facts explaining why the statement was false when it was made. *See In re*

15 *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir.1994) (en banc), *superseded by statute on*

16 *other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297

17 (C.D. Cal. 1996).

18       **B.    Analysis**

19            **1.    Fraud**

20       The elements of fraud are a "(a) misrepresentation (false representation, concealment, or

21 nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

22 reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical*

23 *Group, Inc.*, 15 Cal. 4th 951, 974 (1997). Fraud in the inducement, or promissory fraud, is a

24 subspecies of fraud and deceit. *Id.* "A promise to do something necessarily implies the intention

25 to perform; hence, where a promise is made without such intention, there is an implied

26 misrepresentation of fact that may be actionable fraud . . . An action for promissory fraud may lie

27 where a defendant fraudulently induces the plaintiff to enter into a contract." *Id.* (citation omitted).

28 And a contract fraudulently induced is voidable. *Brown v. Wells Fargo Bank, N.A.*, 168 Cal. App.

1   4th 938, 958 (2008) (citing *Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 415

2   (1996).

3          Based on the foregoing, the Court is unpersuaded by Chevron's argument that "[t]here can

4   be no misrepresentation here when the contract speaks for itself." [Def.'s Mot. at 5.]  The Court

5   agrees with Chevron, however, that the Owners have not identified any misrepresentations with the

6   specificity required under Rule 9(b).  "Averments of fraud must be accompanied by the who, what,

7   when, where, and how of the misconduct charged."  *Vess*, 317 F.3d at 1106 (internal quotation

8   marks omitted and citation omitted).  The Owners allege Chevron repeatedly assured them they did

9   not intend to open Chevron branded gas stations near the Owners' station.  [*See generally* Am.

10  Counterclaim.]  But the Owners fail to allege the details—who, what, when, where, and how—of

11  the misrepresentations.  [*See generally id.*]  The Owners are right that one of the purposes of Rule

12  9(b) is to provide defendants with adequate notice.  *Kearns*, 567 F.3d at 1125.  But Rule 9(b) also

13  serves two other purposes:  to protect those whose reputation would be harmed as a result of being

14  subject to fraud charges; and to prohibit plaintiff from unilaterally imposing upon the court, the

15  parties and society enormous social and economic costs absent some factual basis.  *Id.*  Because the

16  Owners fail to allege fraud with specificity, the Court **DISMISSES WITHOUT PREJUDICE** the

17  Owners' fraud claim.

18              **2.       Implied Covenant of Good Faith and Fair Dealing**

19          "There is an implied covenant of good faith and fair dealing in every contract that neither

20  party will do anything which will injure the right of the other to receive the benefits of the

21  agreement."  *Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 400 (Cal. 2000)

22  (quotation omitted).  But the implied covenant dealing "will only be recognized to further the

23  contract's purpose; it will not be read into a contract to prohibit a party from doing that which is

24  expressly permitted by the agreement itself."  *Wolf v. Walt Disney Pictures & Television*, 162 Cal.

25  App. 4th 1107, 1120 (2008) (citing *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2

26  Cal. 4th 342, 374 (1992)).

27          Here, the Owners contend the franchise agreement to impliedly prohibits something the

28  agreement expressly permits.  Specifically, the Owners maintain Chevron has an implied duty to

1  refrain from to opening gas stations although the agreement expressly permits it:  "The Franchise

2  Authorization . . . is nonexclusive, and does not grant or imply any area, market or territorial

3  rights."  [*See* Chevron's Mot., Schmude Decl., Ex. A.]

4        The Owners fail to state a claim for an additional reason.  As Chevron points out, in the

5  absence of circumstances not present here, there is no implied covenant of good faith and fair

6  dealing during negotiations.  *See Racine & Laramie Ltd. v. Department of Parks & Recreation*, 11

7  Cal. App. 4th 1026, 1033-34 n.4 (1992).[1]  Here, the Owners' allegations appear directed solely to

8  negotiations.  [*See* Countercl. ¶ 40 (alleging Chevron "breached the covenant of good faith and fair

9  dealing, implicit in their negotiations" which led up to the Franchise Agreement between the

10 parties).]  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Owners' claim for

11 breach of the implied covenant of good faith and fair dealing.

12       **3.**      **Unfair Competition Law ("UCL")**

13       To state a UCL claim, a plaintiff must allege that the defendant engaged in a business

14 practice that is unlawful, unfair, or fraudulent.  Cal. Bus. & Prof. Code § 17200 *et seq*.

15       Where a plaintiff alleges a "unified course of fraudulent conduct" and relies entirely on that

16 course of conduct as the basis for a claim, the claim is said to be "grounded in fraud" and the

17 pleading of that claim as a whole must satisfy the heightened pleading standard of Rule 9(b).

18 *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp.*

19 *USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).  The Ninth Circuit has "specifically ruled that Rule

20 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL."  *Id.*

21       The Owners acknowledge their UCL claim is grounded in fraud, asserting they have

22 sufficiently stated a UCL claim on the grounds of Chevron's "fraudulent representations that

23 induced Alborz into the subject agreement."  [*See* Owners' Resp. at 7.]  Because the Owners' UCL

24 claim is grounded in fraud, their UCL claims are subject to Rule 9(b)'s heightened pleading

25 standard.  As stated above, the Owners' allegations fail to meet that standard.  Accordingly, the

26 Court **DISMISSES WITHOUT PREJUDICE** the Owners' UCL claim.

27

28      [1]  The court in *Racine & Laramie* noted "the commencement of negotiation activities . . . imposes no obligation of good faith or fair dealing *unless* there is an underlying agreement of some sort . . . which provides the contractual commitment to use best efforts."

**II.    Chevron's Motion to Strike Affirmative Defenses**

     **A.    Legal Standard for a Rule 12(f) Motion to Strike**

     Rule 12(f) provides that a court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial.  *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp.2d 1136, 1139 (S.D. Cal. 2006); *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  Thus, courts generally grant a motion to strike only where it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.  *Walters v. Fidelity Mortg. of Cal.*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010) (citing *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal.1996)).

     **B.    Analysis**

     Pointing out that the Owners pleaded a total of 52 affirmative defenses, Chevron seeks dismissal of 14 of them.  The Owners acknowledge that 10 of the 14 affirmative defenses identified by Chevron should be stricken.  In addition, as to three affirmative defenses identified by Chevron, the Owners propose alternative affirmative defenses that should be stricken instead. Chevron assents to the alternative.

     Accordingly, the Court **STRIKES** the Owners' second, third, fourth, tenth, eleventh, thirteenth, twenty-sixth, thirty-first, thirty-second, and thirty-third affirmative defenses.  The Court also **DENIES** Chevron's motion to strike the fourteenth, thirty-first, and thirty-fifth affirmative defenses, but **STRIKES** instead the thirty-second, thirty-eighth, and forty-fourth affirmative defenses.

     The parties dispute whether to strike one affirmative defense: the fifth affirmative defense of unclean hands.  Chevron maintains the fifth affirmative defense is redundant in that it mirrors the nineteenth and twentieth affirmative defenses.  The Owners argue the nineteenth and twentieth

affirmative defenses are distinct, pointing out that neither mentions unclean hands.  According to the Owners, the Nineteenth Affirmative Defense asserts Chevron is barred on account of fraud in the inducement, mistake, and/or negligent representation, and the Twentieth Affirmative Defense asserts Chevron's intentional acts are responsible for any damage it sustained.  Having considered the parties' arguments, the Court concludes it is not "absolutely clear" the fifth affirmative defense "could have no possible bearing on the litigation." *Walters*, 730 F. Supp. 2d at 1196.  The Court therefore **DENIES** Chevron's motion to strike the fifth affirmative defense.

## <u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS** Chevron's motion to dismiss and **GRANTS IN PART** and **DENIES IN PART** Chevron's motion to strike affirmative defenses.  The Court **ORDERS** as follows:

–   The Owners' entire counterclaim is **DISMISSED WITHOUT PREJUDICE**.

–   The Court **STRIKES** the Owners' second, third, fourth, tenth, eleventh, thirteenth, twenty-sixth, thirty-first, thirty-second, and thirty-third affirmative defenses.  The Court also **DENIES** Chevron's motion to strike the fourteenth, thirty-first, and thirty-fifth affirmative defenses, but **STRIKES** instead the thirty-second, thirty-eighth, and forty-fourth affirmative defenses.  Last, the Court **DENIES** Chevron's motion to strike the fifth affirmative defense.

**IT IS SO ORDERED.**

**DATED:  August 11, 2011**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

- 8 -

11cv0889